Smith, J.
The allegations of the petition in this case are in substance these: That the relator is a city of the first grade of the first class, and that it owns a portion of the street in Cincinnati called Taylor avenue (describing its location), said avenue having been dedicated to said city for street purposes to the full width of sixty feet. That on February 18, 1891 an act was passed by the General Assembly of the State to authorize the Commissioners of Hamilton County to construct certain avenues in the city of Cincinnati and Spencer township, in said county, to issue bonds to pay for the same, and to assess a tax to redeem said bonds. That sec. 1 of said act provided that such Commissioners, in addition to their powers of taxation, be authorized to construct Taylor avenue in said city, from Eastern avenue to Union avenue, to the grade established by said city, setting curbs and crossings,flagging and paving the gutters,macadamizing the roadway and constructing the necessary drains, said avenue to be improved to the full width of sixty feet on the following line (giving a description thereof). Thai by sec. 3 of said act the Commissioners of Hamilton county were given exclusive and complete jurisdiction of the improvement and the levy therein provided for, and by sec. 4 *660 of said act it was provided that the said Commissioners of Hamilton county should proceed forthwith to construct said improvement.
It was further averred that on a day of May, 1892, the Commissioners commenced the improvement of said avenue in said citj', under the authority conferred by said act, and prosecuted the same until October 1, 1892, when they ceased to do any further work thereon, leaving the improvement in an unfinished condition, no curbs nor crossings having been set nor the gutters paved. By reason of said omission and neglect to complete said improvement, said avenue has been greatly damaged and rendered unfit for travel; and the relator avers that notwithstanding its incomplete and unfinished condition, the Commissioners have sought to turn said avenue over to the city, thus shifting and evading the responsibility for completing the same.
Wherefore relator prays that a writ of mandamus issue commanding the defendants to domplete the improvement of said avenue by setting curbs, crossings and flagging, and paving the gutters, etc., in conformity with said act.
To this petition a general demurrer was filed; aud the question is, is it well taken?
We are of the opinion that it is. It seems to come clearly within the principles settled by the decisions of the Supreme Court in the cases of Hixon v. Burson, 85 Law Bul., 280, and State ex rel. v. Davis, 35 Bul., 387, holding that laws in relation to the construction of roads and bridges in a certain locality are local laws, and as they are a subject of a general nature, are therefore repugnant to sec. 26 of art. 2 of the constitution, which ordains that “all laws of a general nature shall have a uniform operation throughout the state;’’ aud that the statute on which this proceeding is based (88 O. L., 658) was unconstitutional, and does not warrant us in granting the relief prayed for.
Fred Hertenstein, for the Relator.
Spiegel, For alter & Bendigs, Contra.
It seems also to be invalid on the principles announced in the case of State ex rel. v. Broerman, 35 Law Bul., 213, viz., that “it is an assumption of powers over the affairs of a county not possessed by the general assembly,” it is administrative in character, and not legislative.
The demurrer will therefore be sustained,and the petition dismissed.